UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KATLYN MCINTIRE, *individually and on behalf of all others similarly situated*,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>ELEMENTS PRODUCTION LLC, *a New York company*,<br><br>　　　　　Defendant. | Civil Case Number:<br><br>**CIVIL ACTION**<br><br>**CLASS ACTION COMPLAINT AND DEMAND FOR JURY TRIAL** |

## CLASS ACTION COMPLAINT

Plaintiff Katlyn McIntire ("Plaintiff") brings this class action against Defendant Elements Production LLC ("Defendant" or "Elements") and alleges as follows upon personal knowledge as to Plaintiff and Plaintiff's own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by Plaintiff's attorneys.

## NATURE OF THE ACTION

1. This is a putative class action under the 47 U.S.C. § 227 *et seq.*, the Telephone Consumer Protection Act ("TCPA"), arising from Defendant's violations of the TCPA.

2. Defendant is an event promoter. To promote its services, Defendant engages in sending autodialed telemarketing text messages.

3. Plaintiff has received numerous unsolicited telemarketing text messages from Defendant without her prior express consent and despite the fact that she is registered on the National Do-Not-Call registry.

4. By sending automated marketing text messages without express consent and to consumers on the National Do-Not-Call Registry, Defendant is harming thousands of consumers.

5. Through this action, Plaintiff seeks injunctive relief to halt Defendant's unlawful conduct, which has resulted in the invasion of privacy, harassment, aggravation and disruption of the daily life of countless individuals. Plaintiff also seeks statutory damages on behalf of herself and Class Members, as defined below, and any other available legal or equitable remedies.

## PARTIES

6. Plaintiff is, and at all times relevant hereto was, an individual and a "person" as defined by 47 U.S.C. § 153(39), a citizen and resident of Miami, Florida, and the sole and primary subscriber and user of the cellular telephone number ***-***-5289 (the "5289 Number").

7. Defendant is, and at all times relevant hereto was, a New York limited liability company and a "person" as defined by 47 U.S.C. § 153(39) that maintains its primary place of business and headquarters in Kings County, New York. Defendant directs, markets, and provides business activities throughout the State of Florida.

## JURISDICTION, VENUE, AND STANDING

8. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331, as this action arises under the TCPA, a federal statute.

9. Defendant is subject to personal jurisdiction in New York because Defendant conducts business in New York, and it is a corporation duly organized under the laws of the State of New York corporation and is therefore at home in this State.

10. Venue for this action is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the wrongful conduct giving rise to this lawsuit took place within this judicial District.

11. Plaintiff has standing to maintain this action because Plaintiff suffered a legal injury as a result of Defendant's violations of the TCPA, and because she is not requesting an advisory opinion from this Court. Thus, Plaintiff has a sufficient stake in a justiciable controversy and seeks to obtain judicial resolution of that controversy.

## FACTUAL ALLEGATIONS

12. Plaintiff is the sole owner and primary user of the 5289 number.

13. Plaintiff has had the 5289 number registered on the National Do Not Call Registry since July 12, 2019.

14. On or about June 17, 2022, Defendant sent a telemarketing text message to Plaintiff's cellular telephone number ending in 6459, advertising the sale of tickets to "Elements Festival".

15. Plaintiff received substantially similar telemarketing text messages on July 7, 2022, August 5, 2022, August 12, 2022, and November 28, 2022.

16. Plaintiff never provided express consent (or any consent) to Defendant for these text messages.

17. Plaintiff has no prior existing business relationship with Defendant.

18. The purpose of Defendant's text messages was to promote and solicit the sales of its merchandise and services.

19. Defendant's texts and calls were not made for an emergency purpose or to collect on a debt pursuant to 47 U.S.C. § 227(b)(1)(B).

20. Upon information and belief, at no point in time did Plaintiff provide Defendant with her express consent to be contacted.

21. Upon information and belief, Defendant caused similar text messages to be sent to other individuals residing within this judicial District.

22. Automated telemarketing text messages, such as the ones made by Defendant, are subject to the TCPA. See Fed. Commc'ns Comm., Enforcement Advisory No. 2016-06, DA 16-1299, *Robotext Consumer Protection: Text Message Senders Must Comply With the Telephone Consumer Protection Act* (Nov. 18, 2016).

23. 47 C.F.R. § 64.1200(c)(2) prohibits telephone solicitations to telephone numbers on the National Do Not Call Registry.

24. Defendant repeatedly violated this rule by placing telephone solicitations to telephone numbers on the National Do Not Call Registry, including Plaintiffs' numbers.

25. Upon information and belief, Defendant does not have written procedures to comply with the national do-not-call rules.

26. For violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to $500 per text message.

27. Plaintiff is entitled to $1,500 per text message if Defendant's actions are found to be knowing or willful.

28. The text messages originated from telephone numbers 833-794-1588 and 833-545-0233, which upon information and belief are owned and operated by Defendant or on behalf of Defendant.

29. Plaintiff and the Class members have suffered concrete harm because of Defendant's unwanted and unsolicited text messages, including, but not limited to:

- Device storage;
- Data usage;

- Lost time tending to and responding to the unsolicited text messages;

- Invasion of Privacy;

- Intrusion upon Seclusion;

- Nuisance,

- Aggravation; and

- Annoyance.

30. Defendant's text messages and phone calls also inconvenienced Plaintiff and caused disruption to her daily life.

31. These forms of injury are sufficient for Article III standing purposes.

32. Defendant initiated the unlawful text messages to Plaintiff and the other Class members and is directly liable for violating the TCPA.

## CLASS ALLEGATIONS

### PROPOSED CLASS

33. Plaintiff brings this action pursuant to Rule 23(a), Rule 23(b)(2), and Rule 23(b)(3) of the Federal Rules of Civil Procedure individually and on behalf of all other similarly situated persons as a class action. The "Class" that Plaintiff seeks to represent are comprised of and defined as:

> **Do Not Call Class: All persons within the United States who, within the four years prior to the filing of this Complaint, were sent more than one text message within a 12-month period from Defendant or anyone on Defendant's behalf, to said person's cellular telephone number when the telephone number was registered on the National Do Not Call Registry at the time of the messages.**

34. Defendant and its employees or agents are excluded from the Class. Plaintiff reserves the right to modify the Class definitions as warranted as facts are learned in further investigation and discovery.

## **NUMEROSITY**

35. Upon information and belief, Defendant has placed violative calls to cellular telephone numbers belonging to hundreds, if not thousands, of consumers throughout the United States on the Do Not Call Registry. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

36. The exact number and identities of the Class members are unknown at this time and can be ascertained only through discovery and a review of Defendant's records. Identification of the Class members is a matter capable of ministerial determination from Defendant's call records.

## **COMMONALITY**

37. There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Among the questions of law and fact common to the Class are:

   i. Whether Defendant violated 47 C.F.R. § 64.1200(c);

   ii. Whether Defendant's conduct was knowing and willful;

   iii. Whether Defendant sends solicitation text messages to telephone numbers registered on the National Do-Not-Call Registry;

   iv. Whether Defendant violated the privacy rights of Plaintiff and members of the class;

   v. Whether Defendant is liable for damages, and the amount of such damages; and

vi. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

38. The common questions in this case are capable of having common answers. If Plaintiff's claim that Defendant routinely transmits text messages to telephone numbers registered on the National Do Not Call Registry is accurate, Plaintiff and the Class members will have identical claims capable of being efficiently adjudicated and administered in this case.

### TYPICALITY

39. Plaintiff's claims are typical of the claims of the Class members, as they are all based on the same factual and legal theories. Plaintiff and the Class sustained damages as a result of Defendant's uniform wrongful conduct during transactions with Plaintiff and the Class.

### ADEQUACY

40. Plaintiff is a representative who will fully and adequately assert and protect the interests of the Class and has retained competent counsel experienced in complex class actions. Plaintiff has no interest antagonistic to those of the Class, and Defendant has no defenses unique to Plaintiff. Accordingly, Plaintiff is an adequate representative and will fairly and adequately protect the interests of the Class.

### SUPERIORITY

41. A class action is superior to all other available methods for the fair and efficient adjudication of this lawsuit because individual litigation of the claims of all members of the Class is economically unfeasible and procedurally impracticable. While the aggregate damages sustained by the Class are in the thousands or millions of dollars, the individual damages incurred by each member of the Class resulting from Defendant's wrongful conduct are too small to warrant the expense of individual lawsuits. The likelihood of individual Class members prosecuting their own

separate claims is remote, and, even if every member of the Class could afford individual litigation, the court system would be unduly burdened by individual litigation of such cases.

42. The prosecution of separate actions by members of the Class would create a risk of establishing inconsistent rulings and/or incompatible standards of conduct for Defendant. For example, one court might enjoin Defendant from performing the challenged acts, whereas another may not. Additionally, individual actions may be dispositive of the interests of the Class, although certain class members are not parties to such actions.

43. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered, and uniformity of decisions ensured.

## COUNT I
### Violations of the TCPA, 47 U.S.C. § 227(c)
*Individually and on Behalf of the Do Not Call Class*

44. Plaintiff re-alleges and incorporates the foregoing allegations as if fully set forth herein.

45. The TCPA provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object. 47 U.S.C. § 227(c)(5).

46. Under 47 C.F.R. § 64.1200(c)(2), "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations."

47. Under 47 C.F.R § 64.1200(e) the rules set forth in 47 C.F.R. § 64.1200(c) are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers:

> (e) The rules set forth in paragraph (c) and (d) of this section are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, "Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991.

47 C.F.R. § 64.1200(e).

48. Plaintiff and the Do Not Call Class members had their telephone numbers registered on the National Do Not Call Registry, indicating their intent to be free from telemarketing solicitations.

49. Defendant failed to honor the Do Not Call Class members' registrations and as a result, each Class member received two or more such texts in a 12-month period.

50. Upon information and belief, Defendant has not instituted written procedures to comply with the national do-not-call rules, pursuant to 47 C.F.R. § 64.1200(c).

51. Because Plaintiff and the Do Not Call Class members received more than one text message in a 12-month period made by or on behalf of Defendant in violation of 47 C.F.R. § 64.1200(c)(2), as described above, Defendant violated 47 U.S.C. § 227(c)(5).

52. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $500.00 in statutory damages, for each and every negligent violation, pursuant to 47 U.S.C. § 227(c)(5).

53. As a result of Defendant's violations of 47 U.S.C. § 227(c)(5), Plaintiff and the Do Not Call Class members are entitled to an award of $1,500.00 in statutory damages, for each and every knowing and/or willful violation, pursuant to 47 U.S.C. § 227(c)(5).

54.   Plaintiff and the Do Not Call Class members also suffered damages in the form of invasion of privacy, wasted time, harassment, and frustration.

55.   Plaintiff and the Do Not Call Class members are also entitled to and seek injunctive relief prohibiting Defendant's illegal conduct in the future, pursuant to 47 U.S.C. § 227(c)(5).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of the other members of the Class, prays for the following relief:

i.   An order certifying this matter as a class action with Plaintiff as Class Representative, and designating Marcus & Zelman, LLC as Class Counsel;

ii.   An award of actual and statutory damages for each and every negligent violation to each member of the Class pursuant to 47 U.S.C. § 227(c)(5);

iii.   An award of treble actual or statutory damages for each and every knowing and/or willful violation to each member of the Class pursuant to 47 U.S.C § 227(c)(5);

iv.   An order declaring that Defendant's actions, set out above, violate the TCPA;

v.   An injunction requiring Defendant to cease all unsolicited text messaging and calling activity, and to otherwise protect the interests of the Class;

vi.   Pre-judgment and post-judgment interest on monetary relief; and

vii.   Such further and other relief as the Court deems necessary.

## JURY DEMAND

Plaintiff, individually and on behalf of the Class, hereby demand a trial by jury.

## DOCUMENT PRESERVATION DEMAND

Plaintiff demands that Defendant take affirmative steps to preserve all records, lists, electronic databases or other itemizations associated with the allegations herein, including all

records, lists, electronic databases or other itemizations in the possession of any vendors, individuals, and/or companies contracted, hired, or directed by Defendant to assist in sending the alleged communications.


Dated: January 19, 2023        /s/ Yitzchak Zelman
                               Yitzchak Zelman, Esq.
                               **MARCUS & ZELMAN, LLC**
                               701 Cookman Ave, Suite 300
                               Asbury Park, New Jersey 07712
                               Telephone:    (732) 695-3282
                               Facsimile:    (732) 298-6256
                               yzelman@MarcusZelman.com

                               ***Attorneys for Plaintiff***